FILED
97 APR 30 AM 11:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| TREAT ENTERTAINMENT, INC., | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 96-B-3186-NW |
| BEEMAK PLASTICS, INC., | } | |
| Defendant. | } | |

ENTERED
APR 30 1997

MEMORANDUM OPINION

Currently before the court is the Motion and Amended Motion of defendant Beemak Plastics, Inc. to Dismiss. Upon consideration of the record, the submissions of the parties, the relevant law, and the argument of counsel, the court is of the opinion that defendant's motion is due to be granted.

Defendant moves to dismiss this action on the following grounds: 1) the forum selection clause requires that any disputes between the parties be brought in a Los Angeles, California state court or federal court in the Central District of California; 2) that the defendant lacks sufficient minimum contacts with the State of Alabama for the court to exercise personal jurisdiction over it. In the alternative, defendant moves that the court transfer this action pursuant to 28 U.S.C. § 1404(a), to the United States District Court, Central District of California.

This case involves allegations of breach of contract in connection with the sale of certain merchandise by defendant Beemak Plastics, Inc. (hereinafter "Beemak") in 1995. Defendant alleges that Beemak desired to sell merchandise to Sam's Club, a company affiliated with the Wal-Mart corporation. According to plaintiff, during the relevant time period, Beemak did not

10

have a vendor identification number which would enable it to sell goods directly to Sam's Club. As alleged in the plaintiff's Complaint, Treat Entertainment, Inc. (hereinafter "Treat") agreed to allow Beemak to ship the product directly to Sam's Club pursuant to a purchase order issued through Treat. Plaintiff argues that this was done by Treat as an accommodation to both Sam's Club and Beemak in an effort to expedite shipment. Apparently, a large portion of the items sold by Beemak, through Treat, to Wal-Mart have been returned by Wal-Mart to Treat. Beemak has refused to pay Treat for the merchandise and this lawsuit resulted.

The parties agree that the contract between Treat and Beemak was negotiated in Arkansas. (*See* Affidavit of Thomas J. Seamans attached as Exhibit A to defendant's Motion to Dismiss filed on January 7, 1997). Counsel for plaintiff acknowledged in oral argument that the only contact between Beemak and the State of Alabama was one invoice, which was mailed to Alabama, and possibly a few telephone calls. There is no evidence or allegation that any employees or agents of Beemak ever came to Alabama in association with the contract at issue.

## DISCUSSION

"In order to ascertain whether personal jurisdiction exists, a federal court sitting in a diversity case must first look at the applicable state statute, and then at the federal due process requirements." *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 670 (11th Cir. 1993) (citation omitted). Because "Alabama's long-arm statute permits personal jurisdiction predicated on minimum contacts to the extent allowed by the United States Constitution," *Cordell v. Greene Finance Co.*, 892 F. Supp. 1396, 1399 (M.D. Ala. 1995) (citation and footnote omitted), the court need only determine whether the exercise of jurisdiction comports with due process. "The due process analysis involves a two-part inquiry." *Cronin*, 980 F.2d at 670. "A defendant is

2

constitutionally amenable to a forum's specific jurisdiction if [1] it possesses sufficient minimum contacts with the forum to satisfy due process requirements, and [2] if the forum's exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Vermeulen v. Renault U.S.A., Inc.*, 985 F.2d 1534, 1545 (11th Cir. 1993) (citation omitted), *cert. denied sub nom. Regie Nationale Des Usines Renault S.A. v. Vermeulen*, 508 U.S. 907 (1993).

Under the first-part of the due process inquiry, "the defendant's contacts with the applicable forum must satisfy three criteria. First, the contacts must be related to the plaintiff's cause of action or have given rise to it." *Id.* at 1546 (citations omitted). "Second the contacts must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . , thus invoking the benefits and protections of its laws.'" *Id.* (citations omitted). "Third, the defendant's contacts with the forum must be 'such that [the defendant] should reasonably anticipate being haled into court there.'" *Id.* (alteration in original) (citation omitted). Applying these factors to the facts of this case, the court is of the opinion that defendant did not have sufficient minimum contacts with Alabama such that the exercise of jurisdiction over it would satisfy due process requirements.

The court is unwilling and unable to exercise personal jurisdiction over defendant based upon one invoice mailed into the state and a few telephone calls. Because "'[t]he use of interstate facilities (telephone, mail), . . . are secondary factors and cannot *alone* provide the 'minimum contacts' required by due process,'" *Steel Processors v. Sue's Pumps, Inc.*, 622 So. 2d 910, 913 (Ala. 1993) (citing *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 314 (8th Cir.

1982)), the court holds that defendant does not possess sufficient minimum contacts with Alabama to satisfy due process requirements.[1]

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's motion to dismiss is due to be granted. Accordingly, an Order reflecting the court's decision will be entered contemporaneously herewith.

DONE this 30th of April, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

---

[1] Having decided that defendant lacks the requisite "minimum contacts," there is no need to address the issue of whether exercising jurisdiction over defendant would comport with traditional notions of fair play and substantial justice. In addition, it is unnecessary to address defendant's argument that the forum selection clause is enforceable.